IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS REMICK, NADIYAH WALKER, JAY DIAZ, MICHAEL ALEJANDRO, MICHAEL DANTZLER, ROBERT HINTON, JOSEPH WEISS, JOSEPH SKINNER, SADDAM ABDULLAH, and JAMES BETHEA, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs-Petitioners,<br><br>v.<br><br>CITY OF PHILADELPHIA; and BLANCHE CARNEY, in her official capacity as Commissioner of Prisons,<br><br>    Defendants-Respondents. | No. 2:20-cv-01959-BMS |

## STIPULATED PROTECTIVE ORDER

In this putative class action relating to COVID-19 issues and incarcerated people in the Philadelphia Department of Prisons ("PDP"), Plaintiffs have submitted a request for medical information relating to incarcerated people who are currently incarcerated in facilities operated by the PDP, and may further seek additional medical information and medical records. To the extent the dissemination of these records is governed by the federal Health Insurance Portability and Accountability Act of 1996 (hereinafter "HIPAA") and state privacy statutes, there is a need to regulate their production, maintenance, and use while this case is being litigated and to establish a procedure for disposing of the materials at the conclusion of the lawsuit.

While patient medical records and other documents containing information from those records (described in the HIPAA regulations as "protected health information") are protected by

HIPAA, the HIPAA regulations at 45 C.F.R. § 164.512, allow for the production of protected health information without the patient's authorization under certain circumstances.

Under 45 C.F.R. § 164.512, protected health information may be disclosed without the patient's written authorization according to the regulations concerning the discoverability of patient medical records, as follows:

> A covered entity may use or disclose protected health information without the written authorization of the individual, as described in § 164.508, or the opportunity for the individual to agree or object as described in § 164.510, in the situations covered by this section, subject to the applicable requirements of this section.
>
> (e) Standard: Disclosures for judicial and administrative proceedings -
>
> > (1) Permitted disclosures. A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:
> >
> > . . .
> >
> > > (ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:
> > >
> > > . . .
> > >
> > > (B) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iv) of this section, from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order that meets the requirements of paragraph (e)(1)(v) of this section.
> >
> > . . .
> >
> > (v) For purposes of paragraph (e)(1) of this section, a qualified protective order means, with respect to protected health information requested under paragraph (e)(1)(ii) of this section, an order of a court or of an administrative tribunal or a stipulation by the parties to the litigation or administrative proceeding that:
> >
> > > (A) Prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and

       (B) Requires the return to the covered entity or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding.

45 C.F.R. § 164.512(e).

 THEREFORE, for the purposes of this Protective Order:

 1. The term "confidential health information" refers to health information contained in the incarcerated people's medical records, as well as information regarding requests for or receipt of treatment contained in PDP or contract health provider documents, including but not limited to Prime Healthcare Services.

 2. Defendants are hereby authorized to release to Plaintiffs' counsel confidential health information pertaining to the class of incarcerated people.  Such disclosures by Defendants or their attorneys shall be deemed authorized by law.

 3. The documents governed by this Protective Order are in the incarcerated people's medical files which shall be treated in their entirety as "confidential health information."

 4. If Plaintiffs' counsel disagree that a particular document or set of documents contains "confidential health information" within the meaning of this Protective Order, they may challenge the designation by notifying Defendants' counsel in writing of their position.  The parties shall confer in a timely manner after such notice in an effort to resolve their differences.  In the event the dispute is not resolved at that juncture, Plaintiffs may move the Court for an order that the designated documents (or portions thereof) shall not be protected by this Order.  Any challenged documents (or portions thereof) shall be treated as confidential and subject to the terms of this Protective Order pending resolution by further order of the Court.

5.     Nothing in this Protective Order shall require the production or disclosure of any documents or information not covered by the Protective Order to which the Defendants, under applicable law or rules of this Court, may assert a privilege.

6.     Confidential health information covered by this Protective Order may not be given, shown, made available, discussed, or otherwise communicated in any form to persons to whom disclosure is not authorized herein, in the absence of a release signed by the incarcerated person to whom the information pertains, unless the name of the incarcerated person and other identifying information have been redacted.

7.     All experts, consultants, and employees retained by the parties in this litigation shall be informed that their access to and use of the confidential health information in question is governed by the terms of this Protective Order, and shall be given a copy of this Protective Order prior to receiving such information.

8.     In the event either party wishes to disclose confidential health information covered by this Protective Order to any persons other than those specified herein, that party's counsel must first inform opposing counsel of that fact and seek his or her written permission to do so.  If opposing counsel does not consent to the disclosure, the requesting party may petition the Court for permission to disclose the information to the additional person(s) but shall not be transmit the information without first obtaining such permission.

9.     Nothing in this Order shall bar or otherwise restrict Plaintiffs' counsel from rendering advice to their clients based upon counsel's examination of the confidential health information.

10.    This Protective Order shall remain in effect until such time as it is modified, amended or rescinded by the Court and shall survive termination of this action.  The Court shall

have continuing jurisdiction to modify, amend, or rescind this Protective Order notwithstanding the termination of this action.

11. The Court retains the right to allow the disclosure of any subject covered by this Order or to modify this Order at any time in the interest of justice.

FURTHERMORE, this Protective Order:

1. Prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested, and distribution of the documents are limited to only those persons who need to handle or read the documents in the instant lawsuit; and

2. Requires the return to the covered entity or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding.


Date: July 23, 2020          */s/ Su Ming Yeh*
                             Su Ming Yeh
                             Pennsylvania Institutional Law Project
                             718 Arch Street, Suite 304 South
                             Philadelphia, PA  19106
                             (215) 925-2966
                             *Attorneys for Plaintiffs*

Date: July 23, 2020          */s/ David Rudovsky*
                             David Rudovsky
                             Kairys, Rudovsky, Messing & Feinberg LLP
                             718 Arch Street, Suite 501 South
                             Philadelphia, PA  19106
                             (215) 925-4400
                             *Attorney for Plaintiffs*

Date: July 23, 2020          */s/ Nyssa Taylor*
                             Nyssa Taylor
                             American Civil Liberties Union of Pennsylvania
                             P.O. Box 60173

                          Philadelphia, PA 19102
                          (215) 592-1513
                          ntaylor@aclupa.org
                          *Attorney for Plaintiffs*

Date: July 23, 2020             */s/ Benjamin Barnett*
                                        Benjamin Barnett
                                        Dechert LLP
                                        Cira Centre
                                        2929 Arch Street
                                        Philadelphia, PA 19104
                                        (215) 994-2404
                                        *Attorneys for Plaintiffs*

Date: July 23, 2020             */s/ Anne B. Taylor*
                                        Anne B. Taylor
                                        Craig M. Straw
                                        City of Philadelphia Department of Law
                                        1515 Arch Street, 14th Floor
                                        Philadelphia, PA 19102-1595
                                        215-683-5381

                                        **APPROVED BY:**

DATE: July 23, 2020            /s/ Berle M. Schiller
                                        Berle M. Schiller
                                        U.S. District Judge