IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS REMICK, et al., on behalf of themselves and all others similarly situated, : | No. 2:20-cv-01959-BMS |
| Plaintiffs-Petitioners, : | |
| v. : | |
| CITY OF PHILADELPHIA; and BLANCHE CARNEY, in her official capacity as Commissioner of Prisons, : | |
| Defendants-Respondents. : | |

**ORDER**

AND NOW, this **17th** day of **December**, **2020**, the Consent Order on Partial Settlement of June 3, 2020 (Document No. 35), remains in full effect unless modified by the terms of this Order. Further, on application of the Plaintiffs, and after full consideration of the positions of the parties,

**IT IS HEREBY ORDERED**:

1. *Staff Testing*

The Philadelphia Department of Prisons ("PDP") is directed to perform one-time COVID-19 testing of all staff, including correctional officers and supervisors. PDP is also directed to perform one-time COVID-19 testing of all contractors who have routine access to the PDP facilities. PDP is permitted to schedule this testing in a manner that is consistent with safety and security operational needs, but the one-time testing shall be completed by January 15, 2021. The PDP shall report the results of staff testing to the Court and parties immediately upon its receipt of the results. The results of staff testing shall remain sealed until January 25, 2021, after which the results shall be unsealed. The parties may agree to release the results of the staff testing prior to January 25, 2021. To the extent any party seeks to publicize the results, they shall first advise the opposing party of their intention and any objection to publication shall be raised with the Court.

Based on the results of these tests, and other relevant conditions at the PDP relating to COVID-19, and after considering further submissions by the parties, the Court may consider the issue of further testing of staff on a periodic basis.

2.  *Access to Counsel:*

PDP shall provide means for lawyers to access their clients by electronic communications on a system that allows the attorney to share documents for the client's review through March 31, 2021, at which time the parties and the Court may review access to counsel issues and consider extending or modifying this provision.

3.  *Universal testing of all incarcerated people for COVID-19.*

PDP shall immediately begin testing all incarcerated persons at PDP facilities for COVID-19 with the goal of completing that testing no later than January 15, 2021, and shall thereafter report to Plaintiffs' counsel and the Court the results of these tests by the housing areas in all facilities of the PDP, including, for each housing unit, the total number of people tested and the numbers of positive and negative results.  Based on the results of these tests, and other relevant conditions at the PDP relating to COVID-19, and after considering any further submissions by the parties, the Court may consider the issue of further testing of incarcerated persons on a periodic basis.

4.  *Ensuring adequate out-of-cell time for all incarcerated people:*

   a.   While PDP facilities remain in "shelter-in-place", and pending the results of universal testing required under ¶¶ 1 and 3, the PDP shall ensure that all incarcerated persons are permitted a daily minimum of forty-five (45) minutes of time out of their cells for showering, phone calls, and exercise, subject to further court order increasing out-of-cell time at the point when shelter-in-place is no longer in effect.

b. PDP shall, no later than **December 28, 2020**, submit to Plaintiffs' counsel and the Court an operational plan for each facility and housing area demonstrating the necessary staffing and other logistical support to ensure compliance with this Order and the Court's Consent Order of June 3, 2020 (ECF No. 35).

5. *Written certification from Deputy Wardens to ensure compliance:*

a. Beginning no later than the week of **December 28, 2020**, on a weekly basis, the PDP shall provide to Plaintiffs' counsel signed certifications by a Deputy Warden for each facility within the PDP, certifying that:

i. All unit managers in their respective facilities have directly informed the Deputy Warden of the time, place, and manner of compliance with all relevant sections of this Order and the Court's Consent Order of June 3, 2020 (ECF No. 35), regarding delivery of soap, masks, and cleaning agents, and provision of out-of-cell time to all incarcerated persons in their housing units;

ii. All unit managers have been informed that this protocol is required by a federal court Order, and that any false reporting is subject to potential sanctions by the Court; and

iii. The Deputy Warden has visited at least one housing area, chosen on a random basis each week, and discussed directly with incarcerated persons housed on that area compliance with this Order and the Court's June 3, 2020 Order.

b. The parties shall report to the Court one month after the provisions of this paragraph have been implemented on whether this certification process has been successful in improving compliance with Court-ordered measures. If, after implementation of the certification process, the Court again receives conflicting and unverifiable reports of compliance levels from the parties, the

Court may consider whether to appoint an Independent Monitor to ensure substantial compliance with the Court's Orders.

**BY THE COURT:**

**/s/ Berle M. Schiller**
**Berle M. Schiller, J.**