IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS REMICK, NADIYAH WALKER, JAY DIAZ, MICHAEL ALEJANDRO, MICHAEL DANTZLER, ROBERT HINTON, JOSEPH WEISS, JOSEPH SKINNER, SADDAM ABDULLAH, and JAMES BETHEA, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs-Petitioners, <br><br> v. <br><br> CITY OF PHILADELPHIA; and BLANCHE CARNEY, in her official capacity as Commissioner of Prisons, <br><br> Defendants-Respondents. | No. 2:20-cv-01959-BMS |

## ORDER

AND NOW, this **28th** day of **January**, **2021**, following a telephone status conference on January 21, 2021, in which the parties addressed the Defendants' shelter-in-place policy and the provision of out-of-cell time, the Court finds the following:

1. Complying with the Court's Order of January 13, 2021, ECF No. 62, the Philadelphia Department of Prisons (PDP) exited shelter-in-place, which it had entered into in order to reduce the transmission of Covid-19 within PDP facilities;

2. In order to provide individuals incarcerated within PDP facilities 45 minutes of out of cell time, at least three cells are released at a time; depending on the size of the housing unit, more cells may be released to achieve this time out of cell;

3. PDP considers the guidance of medical staff in structuring cohort sizes, and the size of cohorts determines the amount of time individuals will have out of cell;

4. PDP has conducted universal testing of the incarcerated population for the period

between December 7, 2020 through January 13, 2021. In that period, a total of 4077 COVID-19 tests were administered on incarcerated people, where there were 246 positive and 3831 negative results. These aggregate numbers reflect a positivity rate of just over 5%;

5. PDP will resume its process of serial testing as soon as a confirmed case is identified upon a housing unit. The serial testing process involves a housing unit being placed on quarantine if an individual presents with Covid-19 symptoms: if that individual tests positive the entire housing unit is tested and if the individual returns a negative test the housing unit is released from quarantine. The first positive test is placed in medical isolation. If any individuals return a positive test, they are also placed in isolation and all individuals on the housing unit are tested again seven days later. This process continues until there are no positive tests, and the housing unit is kept in quarantine for the duration of the testing.

6. The PDP-stated benchmark for iteratively increasing cohort sizes is presently a system-wide Covid-19 positivity rate at or below 5%;

7. The PDP has started a vaccination process for COVID-19 and has reported that current weekly supplies total 200 vaccinations for staff and the incarcerated population, which vaccinations will be evenly distributed between staff and the incarcerated population;

8. The PDP intends to provide vaccinations to the entire staff and incarcerated population as soon as possible, but distribution is limited by the volume of vaccines received by the City of Philadelphia from the Federal Government;

9. The vaccination process is voluntary at this time both for staff and the incarcerated population.

Accordingly, **IT IS HEREBY ORDERED**:

1. Based on the testing data provided by the PDP, the PDP shall steadily increase its cohort sizes in order to provide additional out-of-cell time to the incarcerated population. PDP shall provide two hours of out-of-cell time by **February 10, 2021,** and three hours of out-of-cell time by **February 24, 2021.** Achievement of these goals shall be subject to the limitations provided in paragraphs 3 and 4, below, of this Order.

2. Defendants shall produce the results of serial testing to Plaintiffs and the Court on a weekly basis. If PDP takes any system-wide action as a result of serial testing results showing a positivity rate of above 5%, PDP shall advise Plaintiffs' counsel and the Court within twenty-four hours of such action being taken.

3. The provisions of this Order shall not supersede the conditions imposed by a medically necessary quarantine when an incarcerated person or staff, suspected or known to be positive for COVID-19, has been identified on a housing unit, or when awaiting test results for those on a unit who may potentially be infected.

4. The provisions of this Order shall not supersede conditions imposed by operational emergencies, which include but are not limited to those times when outside personnel such as emergency medical technicians need entry onto a housing unit.

5. The PDP shall report to the Court and Plaintiffs on a weekly basis the total number of vaccinations provided to the incarcerated population and to staff.

AND, given universal testing of the incarcerated population has been completed, and given the parties' substantial agreement regarding provision of out-of-cell time outlined herein above, **IT IS FURTHER ORDERED** that:

1. Defendants' Motion for Reconsideration (Document No. 57) is **dismissed as moot**.

2. The provisions of this Order shall supersede the provisions of Paragraph 4 of the Court's Order of December 17, 2020 (Document No. 55). However, if in the future course of this litigation it becomes appropriate, the issue of Defendants' production of an operations/logistical plan may be raised again by motion.

3. Paragraph 5 of the Court's Order dated December 17, 2020 remains in effect, unless modified by future order.

**BY THE COURT:**

  /s/ Berle M. Schiller
**BERLE M. SCHILLER, J.**