IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS REMICK, et al., on behalf of themselves and all others similarly situated, Plaintiffs-Petitioners, | : : : : : | CIVIL ACTION |
| v. | : : | |
| CITY OF PHILADELPHIA; and BLANCHE CARNEY, in her official capacity as Commissioner of Prisons, Defendants-Respondents. | : : : : : | NO. 20-1959 |

## ORDER

**AND NOW**, this 14th day of September, 2021, pursuant to the Settlement Agreement of June 22, 2021 (ECF No. 81-1),[1] paragraphs 5 and 6, upon consideration of the Proposed Orders submitted by the parties, it is hereby **ORDERED**:

1. As of January 22, 2022, the PDP, subject to the provisions of paragraph 8, *infra*, shall return to full pre-COVID-19 operations with normal out-of-cell times of approximately eight hours per day; full attorney, family, and friends visitation; and full programming.

2. To implement this schedule, the PDP shall continue its hiring of correctional officers (retirees and new recruits) and shall implement pay increases or overtime to secure sufficient staff to safely operate the PDP with regular programming, visits, and movement of incarcerated persons. Further, the City shall increase and then maintain the correctional staff at the level set forth in the City's FY 2022 budget (180 new officers over and above the 2021 authorized numbers of correctional officers).

---

[1] The Settlement Agreement of June 22, 2021 was incorporated into this Court's Order of June 23, 2021.

3. Starting November 6, 2021, the PDP shall provide a minimum of 5 hours of daily out-of-cell time for persons in vaccinated housing units, 4 hours for persons in other non-quarantine housing areas, 3 hours for persons in quarantined housing areas, and 1 hour for persons housed in segregation units.

4. Starting December 22, 2021, the PDP shall provide a minimum of 6 hours of daily out-of-cell times for persons in vaccinated housing units, 5 hours for persons in other non-quarantine housing areas, 4 hours for persons in quarantined housing areas, and 2 hours for persons housed in segregation units.

5. The graduated increases in out-of-cell time shall be effectuated by (a) the hiring of new and recently retired correctional officers; (b) adjustments in scheduling assignments for correctional officers, including expanded use of overtime and/or COVID hazard pay; and (c) disciplining correctional officers who abuse sick and family leave policies. Overtime work for correctional officers shall be required only as permitted by the collective bargaining agreement or by other agreement between the City and the correctional officers' union, and the scheduling of overtime for correctional officers shall be done in a manner that provides sufficient notice in advance of the assignments.

6. Starting October 25, 2021, fully vaccinated incarcerated persons in the PDP shall have the right to (a) visits from family and friends on a schedule to be negotiated between the parties; (b) on-unit programming including education classes and access to athletic equipment; and (c) law library visits. These changes shall be communicated to the incarcerated population and to all newly admitted incarcerated persons.

7. No later than September 24, 2021, the PDP shall expand the current vaccine ambassador program to the male population at PDP to provide all incarcerated persons who have

not been vaccinated the opportunity to hear directly from and ask questions of vaccine ambassadors. The PDP shall continue its current efforts to encourage and incentivize vaccination of incarcerated persons. The PDP shall disburse the commissary incentive for an incarcerated person agreeing to be vaccinated within two weeks of full vaccination. The PDP shall provide the COVID-19 vaccine to incarcerated people within one week of an incarcerated person's request to be vaccinated.

8. If the COVID-19 infection rate increases to the point that the PDP medical staff and Philadelphia Department of Health determine that the changes in PDP operations set forth in this Order require adjustments to protect the health and safety of the Plaintiff class and the PDP staff, the City may: (a) in exigent circumstances requiring immediate changes in PDP operations, implement the changes upon notice to the Court and Plaintiffs' counsel, with a detailed statement of the facts and circumstances necessitating these actions; or (b) in the absence of exigent circumstances requiring immediate changes in operations, seek amendments to this Order by Motion to the Court. This provision does not apply to the process by which quarantine is imposed and unit-wide testing performed as medically necessary.

9. On a showing of non-compliance with the terms and provisions of this Order, the Court will entertain a motion for sanctions and will be guided by the terms of the previous Settlement Agreement of June 22, 2021 in assessing any sanctions.

**BY THE COURT:**

_____
**Berle M. Schiller, J.**