IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS REMICK, et al., on behalf of themselves and all others similarly situated, | : : : | CIVIL ACTION |
| Plaintiffs-Petitioners, | : : : | |
| v. | : : | |
| CITY OF PHILADELPHIA; and BLANCHE CARNEY, in her official capacity as Commissioner of Prisons, | : : : : | |
| Defendants-Respondents. | : : | No. 20-1959 |

**ORDER**

**AND NOW**, this **11th** day of **March, 2022**, upon consideration of Plaintiffs' Third Amended Motion for Class Certification and all responses, replies, and surreplies thereto and thereon, and for the reasons stated in the Court's Memorandum dated March 11, 2022, it is hereby **ORDERED** that:

1. Plaintiffs' Third Amended Motion for Class Certification (ECF No. 132) is **GRANTED**.

    a. Plaintiffs have satisfied the class certification requirements as discussed in the Court's memorandum. Therefore, the following class is certified pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2) and defined pursuant to Fed. R. Civ. P. 23(c)(1)(B) as: All persons who are currently or will be in the future confined in the Philadelphia Department of Prisons, and are or will be subjected to illegal or unconstitutional conditions of confinement as a result of policies and

restrictions implemented in response to the COVID-19 pandemic, and the PDP's staffing shortage.

    i. The following subclass is also certified pursuant to Fed. R. Civ. P. 23(c)(5) and defined as: All persons who are currently or will be in the future confined in the Philadelphia Department of Prisons who have physical and/or psychiatric impairments that substantially limit one or more of their major life activities, and who are or will be subjected to illegal or unconstitutional conditions of confinement as a result of policies and restrictions implemented in response to the COVID-19 pandemic, and the PDP's staffing shortage.

b. Pursuant to Fed. R. Civ. P. 23(c)(1)(B), the class claims are defined as those described in Counts I, II, and III as set forth in the Third Amended Complaint (ECF No. 147).

    i. The subclass claims are defined as those described in Count IV as set forth in the Third Amended Complaint.

c. The following individuals are appointed as class representatives: Thomas Remick, Nadiyah Walker, Jay Diaz, Michael Alejandro, Michael Dantzler, Robert Hinton, Joseph Weiss, Joseph Skinner, Saddam Abdullah, James Bethea, Clay Pizarro, Michael Flynn, Nasir Lewis, Dyquill Pledger, Troy Harley, and Christian Maldonado.

    i. Walker, Alejandro, Pizarro, Pledger, and Maldonado will also serve as representatives of the subclass.

    d. The law firm of Kairys, Rudovsky, Messing, Feinberg & Lin, LLP is appointed as class counsel pursuant to Fed. R. Civ. P. 23(c)(1)(B) and 23(g).

2. Plaintiffs' Second Motion to Certify Class (ECF No. 117) and Amended Motion to Certify Class (ECF No. 125) are **DENIED** as moot.

3. Plaintiffs' Motion for Leave to File Second Amended Complaint (ECF No. 126) is **DENIED** as moot.

4. The following motions are **DENIED**:

    a. Dwayne Henry's Motion for Contempt and Motion to Intervene (ECF No. 75);

    b. Henry's Motion to Intervene (ECF No. 82);

    c. Walter Dobbins IV's Motion for Contempt (ECF No. 84);

    d. Dobbins' Motion for Contempt and Motion to Intervene (ECF No. 86);

    e. Henry's Motion for Contempt (ECF No. 89);

    f. Henry's Motion to Intervene (ECF No. 90);

    g. Jeffrey Lewis' Motion to Intervene (ECF No. 122);

    h. Lewis' Motion for Contempt (ECF No. 123);

    i. Isaiah Hudgins' Motion to Intervene (ECF No. 129);

    j. Lauren Williams' Motion to Intervene and Motion for Contempt (ECF No. 134);

    k. Henry's Motion for Contempt and Motion to Intervene (ECF No. 135); and

    l. David Edwards' Motion to Intervene (ECF No. 137).

**BY THE COURT:**

_____
**Berle M. Schiller, J.**