**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **THOMAS REMICK, et al., on behalf of themselves and all others similarly situated,** | : | **No. 2:20-cv-01959-BMS** |
| **Plaintiffs,** | : | |
| **v.** | : | |
| **CITY OF PHILADELPHIA; and BLANCHE CARNEY, in her official capacity as Commissioner of Prisons,** | : | |
| **Defendants.** | : | |

**JOINT MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT**

Plaintiffs filed this lawsuit on behalf of themselves and other similarly situated who are in incarcerated in the Philadelphia Department of Prisons (PDP), alleging that Defendants failed to provide humane conditions of confinement and protections against COVID-19 in the Philadelphia jail system, in violation of the United States Constitution and the Americans with Disabilities Act. Defendants City of Philadelphia and Commissioner Blanche Carney (collectively the "City") have denied these allegations throughout the litigation.

Following two years of litigation, including the issuance of several Court orders relating to COVID-19 protocols and jail conditions (ECF Nos. 35, 55, 58, 59, 62, 70, 74, 92, 93), two motions for contempt filed by Plaintiffs (ECF Nos. 71, 113), a motion to vacate under the PLRA filed by Defendants (ECF No. 118), the Court's certification of the class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure (ECF Nos. 152, 153), Defendants' appeal of the Court's class certification order, and a scheduled preliminary injunction hearing (*see* ECF No. 131), the parties entered into arm's length settlement negotiations. Those efforts have resulted in the execution of a Settlement Agreement between the parties. The parties believe the terms of

the agreement are fair, reasonable, and adequate within the meaning of Rule 23, and warrant Court approval.

The proposed Settlement Agreement is attached at Exhibit 1. The proposed Notice to the Class, which would inform the members of the class of their right to submit objections to the settlement, the procedure for doing so, and the availability of copies of the agreement, is attached as Exhibit 2.

The parties respectfully request that the proposed Settlement Agreement be approved by the Court, after a hearing at which any objections to the Agreement may be considered. It is further requested that the proposed Notice to the Class be made within one (1) week of the date of any order of the Court granting preliminary approval of the class settlement; that objections or comments to the Settlement Agreement be mailed to Class Counsel no later than 15 days after Notice to the Class is posted; that a joint motion for final approval be submitted two (2) weeks after objections and comments are due ; and that a Fairness Hearing be scheduled two (2) weeks or later after the filing a joint motion for final approval.

Respectfully submitted,

*/s/ Su Ming Yeh*
Su Ming Yeh (PA 95111)
*/s/ Matthew A. Feldman*
Matthew A. Feldman (PA 326273)
*/s/ Sarah Bleiberg*
Sarah Bleiberg (PA 327951)
PENNSYLVANIA INSTITUTIONAL LAW PROJECT
718 Arch St., Suite 304S
Philadelphia, PA 19106
(215)-925-2966
smyeh@pailp.org
mfeldman@pailp.org
sbleiberg@pailp.org

*/s/ David Rudovsky*
David Rudovsky (PA 15168)
*/s/ Susan M. Lin*
Susan Lin (PA 94184)
*/s/ Grace Harris*
Grace Harris (PA 328968)
*/s/ Jonathan H. Feinberg*
Jonathan H. Feinberg (PA 88227)
KAIRYS, RUDOVSKY, MESSING, FEINBERG, & LIN, LLP
718 Arch Street, Suite 501S
Philadelphia, PA 19106
(215) 925-4400
drudovsky@krlawphila.com

slin@krlawphila.com
gharis@krlawphila.com
jfeinberg@krlawphila.com

*/s Nia Holston*
Nia Holston (PA 327384)
*/s Rupalee Rashatwar*
Rupalee Rashatwar (FL 1011088)
*/s Bret Grote*
Bret Grote (PA 317273)
ABOLITIONIST LAW CENTER
PO Box 31857
Philadelphia, PA 19104
(412) 654-9070
nia@alcenter.org
rupalee@alcenter.org
bretgrote@abolitionistlawcenter.org

*/s/ Benjamin R. Barnett*
Benjamin R. Barnett (PA 90752)
*/s/ Will W. Sachse*
Will W. Sachse (PA 84097)
*/s/ Mary H. Kim*
Mary H. Kim*
*/s/ Nicolas A. Novy*
Nicolas A. Novy (PA 319499)
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
(215) 994-2496
Ben.Barnett@dechert.com
Will.Sachse@dechert.com
Mary.Kim@dechert.com
Nicolas.Novy@dechert.com

* indicates counsel who will seek admission or *pro hac vice* admission

*Attorneys for Plaintiffs*

*/s/ Craig M. Straw*
Craig M. Straw, First Deputy City Solicitor (PA 78212)
*/s/ Anne B. Taylor*
Anne B. Taylor, Chief Deputy City Solicitor (PA 206057)
*/s/ Danielle B. Rosenthal*
Danielle B. Rosenthal, Deputy City Solicitor (PA 329676)
CITY OF PHILADELPHIA DEPARTMENT OF LAW
1515 Arch Street
Philadelphia, PA 19102-1595
(215) 683-5442
craig.straw@phila.gov
anne.taylor@phila.gov
danielle.rosenthal@phila.gov

*Attorneys for Defendants*

DATE: April 12, 2022

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS REMICK, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br>CITY OF PHILADELPHIA; and BLANCHE CARNEY, in her official capacity as Commissioner of Prisons,<br><br>Defendants. | : | No. 2:20-cv-01959-BMS |

**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

## I. INTRODUCTION

Plaintiffs filed this lawsuit on behalf of themselves and other similarly situated who are incarcerated in the Philadelphia Department of Prisons (PDP), alleging that Defendants failed to provide humane conditions and protections against COVID-19 in the Philadelphia jail system in violation of the United States Constitution and the Americans with Disabilities Act. Defendants City of Philadelphia and Commissioner Blanche Carney (collectively the "City") have denied these allegations throughout the litigation.

The Settlement Agreement ("Settlement Agreement" or "Agreement," attached as Exhibit 1), if approved by the Court, will resolve all claims in this matter. The parties' proposed Notice to the Class ("Notice," attached as Exhibit 2) will inform the class members of the Agreement and give them an opportunity to voice any objections. The parties request that the Court find that the Agreement and Notice meet the standards for approval of a class action settlement and that the Court grant preliminary approval.

## II.     BACKGROUND

Plaintiffs initiated this class action on April 20, 2020, pursuant to 42 U.S.C. § 1983, the United States Constitution, and the Americans with Disabilities Act, seeking to compel Defendants City of Philadelphia and Commissioner Blanche Carney to protect individuals incarcerated in the PDP from the risks of serious harm they face from the twin dangers of COVID-19 and prolonged isolation in their cells.  (*See* ECF No. 1).  Plaintiffs filed a Motion for Temporary Restraining Order and Preliminary Injunction, seeking an order requiring the City to ensure that humane conditions of confinement in PDP facilities, with a focus on COVID-19 protections and adequate out-of-cell time due to lockdown conditions.  (ECF No. 18). Defendants responded in opposition to Plaintiffs' application for injunctive relief, contending that PDP was acting consistent with CDC guidance.  (ECF No. 22).  The parties reached a partial settlement agreement, which was approved by the Court and entered as a Consent Order on Partial Settlement Agreement on June 3, 2020.  (ECF No. 35).

Thereafter, over the course of two years, the Court held biweekly status conferences, and the parties submitted status reports, declarations from incarcerated people, certifications from prison staff, and information relating to COVID-19 infection and vaccination rates.  Plaintiffs alleged that the conditions at PDP continued to violate their constitutional rights and that staffing shortages (affected by the lack of employees along with absenteeism) caused these conditions.  Defendants have denied that the jail conditions, policies, and protocols were unconstitutional or unlawful, and have maintained that incarcerated people the PDP were adequately protected from COVID-19.  The Court issued several additional interim orders on matters such as mandatory COVID-19 testing, increased out-of-cell time, return to pre-pandemic programming, among other things.  (*See* ECF Nos. 35, 55, 58, 59, 62, 70, 74, 92, 93).

Plaintiffs filed two motions for contempt during the case (*see* ECF Nos. 71, 113), both of which were resolved through settlement. Defendants also filed a motion to vacate a prior Court order under the PLRA, which motion was also resolved through settlement. (*See* ECF No. 118.)

More recently, Plaintiffs filed a Third Amended Complaint (ECF No. 147), a third amended Motion for Class Certification (*see* ECF No. 125), and a Motion for Preliminary Injunction (ECF No. 128). In response, Defendants filed a Motion to Dismiss, an opposition to class certification, and an opposition to the application for injunctive relief. (ECF Nos. 148, 139, 138). On March 11, 2022, the Court certified this case to proceed as a class action. (ECF No. 152-153). Defendants appealed the Court's class certification order on March 25, 2021.

With these motions all pending, the parties entered into arms-length settlement negotiations, as a result of which the parties have executed a Settlement Agreement. Under the terms of the Agreement, the City will: (1) implement measures to enhance the hiring and retention of correctional officers; (2) provide minimum times for out-of-cell time on a schedule with presumptive increases; (3) continue to increase capacity for in-person visits by family and friends, and in conjunction with Plaintiffs and a Court-appointed Monitor, develop a plan for return to pre-pandemic programming; (4) continue to ensure adequate and timely medical and mental health treatment along with mental health programming, with benchmarks in reducing backlogs for medical appointments; (5) ensure compliance with individuals' due process rights at disciplinary hearings; (6) continue the expansion of phone and tablet access for incarcerated people; (7) continue the implementation of a lock replacement program and implement refresher training on the emergency call button system; (8) continue to follow Covid-19 related protocols to ensure individuals are available for court and for meetings with attorneys; and (9) provide

refresher training on the policy applicable to deployment of pepper spray by correctional officers.

The Settlement Agreement also provides for the appointment of a Monitor to assist the Court and the parties in implementing the Agreement and Order, and in the formulation of any future order(s) as necessary, for a period of two years. The parties will submit to the Court for its consideration and approval a protocol detailing the role and functions of the Monitor which will include issues of access to documents, reports, data, PDP personnel, and the PDP facilities, and the ability to receive information from class members, while respecting the safety, security, and privilege concerns of the PDP.

Importantly, the Agreement also (1) addresses standards for relief under the Prison Litigation Reform Act, (2) states that the Defendants, by this Agreement, do not admit any fact or legal liability, or unlawful conduct, (3) provides for counsel fees and costs, (4) includes a release of the claims by Plaintiffs made in the Third Amended Complaint, and (5) sets termination dates and a process for enforcement, if necessary.

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 23(e), the settlement of a class action requires approval of the Court. The Court first considers a motion for preliminary approval to evaluate the parties' proposed substantive agreement and to assess the plan for notifying class members. Second, the Court considers a motion for final approval, after the class members have had the opportunity to receive notice and voice any objections. *See Harlan v. Transworld Sys.*, 302 F.R.D. 319, 324 (E.D. Pa. 2014). In determining whether to grant preliminary approval of a class action settlement, the Court should evaluate whether there are any obvious deficiencies that would cast doubt on the proposed settlement's fairness, whether the settlement negotiations

occurred at arm's length, whether there was significant investigation of Plaintiffs' claims, and whether the proposed settlement provides preferential treatment to certain class members. *See Silvis v. Ambit Energy, L.P.*, No. 14-5005, 2018 U.S. Dist. LEXIS 28392, at *16 (E.D. Pa. Feb. 22, 2018).

The Settlement Agreement meets the standards for preliminary approval, as it is fair to both sides and will improve conditions of confinement for the class members. Further, the Agreement provides for the appointment of a Monitor to ensure compliance with the Agreement and any Court orders.

Second, the settlement negotiations occurred at arm's length and after a substantial motions practice and submissions to the Court. The parties engaged in discovery through the exchange of documents, a deposition of the Medical Director at PDP, a tour and inspection of the four jails in the PDP, and plaintiffs' disclosure of a report from a retained expert. Each side was able to weigh the factual and legal risks of continuing with the litigation.

Third, the settlement agreement does not provide preferential treatment, as all class members will benefit from the changes that this lawsuit has prompted.

The attorneys' fees and costs reflect prevailing rates and the standards under the PLRA, and they do not impact the relief obtained by class members.

The Agreement is fair, reasonable, and adequate, and it should be approved.

Federal Rule of Civil Procedure 23(e) requires notice of the settlement to class members. The trial court has broad discretion in determining the timing and manner of the notice. *Harris v. Reeves*, 761 F. Supp. 382, 393 (E.D. Pa. 1991). In class actions involving prisons and other institutions, it is frequently impractical to provide individual notice to class members. *See id.* at 393. Instead, posting a notice at the institution is usually the best way to inform class members

of a pending settlement agreement. *See id.*; *see also Woods v. Marler*, No. 17-4443, 2018 U.S. Dist. LEXIS 170225, at *4-5 (E.D. Pa. September 24, 2018) (approving class action settlement where pre-trial detainees at the Federal Detention Center sought policies that would permit visitation by their minor children, noting the notice that was posted to the class that permitted class members an opportunity to object); *Pastrana v. Lane*, 08-468, 2012 U.S. Dist. LEXIS 23737, at *3, 5 n.4, 10 (E.D. Pa. February 24, 2012) (noting that the court ordered a notice to be posted in the housing units to inform halfway house residents about a class action settlement); *Inmates of Northumberland Cty. Prison v. Reish*, 08-cv-345, 2011 U.S. Dist LEXIS 46600, at *4-5 (M.D. Pa. April 29, 2011).

Here, notice to the class will be provided through the posting of a proposed Notice and the Agreement in all housing areas at PDP, at the law libraries, and on the PDP electronic communication system (e.g., tablets), , and by plaintiffs' counsel in response to requests for review of the Agreement. The Notices shall be made within one (1) week of the date of preliminary approval of the agreement. Class members may be provided with a letter from Plaintiffs' counsel explaining the Agreement, including the role of the Monitor. (*See* Exhibit 1 for the Notice).

## III. CONCLUSION

For the reasons discussed above, the Court should grant preliminary approval of the class action settlement.

Respectfully submitted,

| | |
|---|---|
| */s/ Su Ming Yeh* | */s/ David Rudovsky* |
| Su Ming Yeh (PA 95111) | David Rudovsky (PA 15168) |
| */s/ Matthew A. Feldman* | */s/ Susan M. Lin* |
| Matthew A. Feldman (PA 326273) | Susan Lin (PA 94184) |

*/s/ Sarah Bleiberg*
Sarah Bleiberg (PA 327951)
PENNSYLVANIA INSTITUTIONAL LAW PROJECT
718 Arch St., Suite 304S
Philadelphia, PA 19106
(215)-925-2966
smyeh@pailp.org
mfeldman@pailp.org
sbleiberg@pailp.org

*/s/ Grace Harris*
Grace Harris (PA 328968)
*/s/ Jonathan H. Feinberg*
Jonathan H. Feinberg (PA 88227)
KAIRYS, RUDOVSKY, MESSING, FEINBERG, & LIN, LLP
718 Arch Street, Suite 501S
Philadelphia, PA 19106
(215) 925-4400
drudovsky@krlawphila.com
slin@krlawphila.com
gharis@krlawphila.com
jfeinberg@krlawphila.com

*/s Nia Holston*
Nia Holston (PA 327384)
*/s Rupalee Rashatwar*
Rupalee Rashatwar (FL 1011088)
*/s Bret Grote*
Bret Grote (PA 317273)
ABOLITIONIST LAW CENTER
PO Box 31857
Philadelphia, PA 19104
(412) 654-9070
nia@alcenter.org
rupalee@alcenter.org
bretgrote@abolitionistlawcenter.org

*/s/ Benjamin R. Barnett*
Benjamin R. Barnett (PA 90752)
*/s/ Will W. Sachse*
Will W. Sachse (PA 84097)
*/s/ Mary H. Kim*
Mary H. Kim*
*/s/ Nicolas A. Novy*
Nicolas A. Novy (PA 319499)
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808
(215) 994-2496
Ben.Barnett@dechert.com
Will.Sachse@dechert.com
Mary.Kim@dechert.com
Nicolas.Novy@dechert.com

* indicates counsel who will seek admission or *pro hac vice* admission

*Attorneys for Plaintiffs*

*/s/ Craig M. Straw*
Craig M. Straw, First Deputy City Solicitor (PA78212)
*/s/ Anne B. Taylor*
Anne B. Taylor, Chief Deputy City Solicitor (PA 206057)
*/s/ Danielle B. Rosenthal*
Danielle B. Rosenthal, Deputy City Solicitor (PA 329676)
CITY OF PHILADELPHIA DEPARTMENT OF LAW
1515 Arch Street

Philadelphia, PA 19102-1595
(215) 683-5442
craig.straw@phila.gov
anne.taylor@phila.gov
danielle.rosenthal@phila.gov

             *Attorneys for Defendants*

DATE: April 12, 2022

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **THOMAS REMICK, et al.,** ***on behalf of themselves and all others similarly situated,*** | : | **No. 2:20-cv-01959-BMS** |
| **Plaintiffs-Petitioners,** | : | **Judge Berle M. Schiller** |
| **v.** | : | |
| **CITY OF PHILADELPHIA; and BLANCHE CARNEY, in her official capacity as Commissioner of Prisons,** | : | |
| **Defendants-Respondents.** | : | |

**CERTIFICATE OF SERVICE**

I, Su Ming Yeh, hereby certify that a true and correct copy of the Joint Motion for Preliminary Approval of Class Action Settlement was served upon the following via ECF on April 12, 2022.

Craig M. Straw
Anne B. Taylor
Danielle Rosenthal
City of Philadelphia Department of Law
1515 Arch Street, 14th Floor
Philadelphia, PA 19102-1595

Respectfully submitted,

/s/ Su Ming Yeh

Su Ming Yeh
I.D. No. 95111
Pennsylvania Institutional Law Project
718 Arch Street, Suite 304S
Philadelphia, PA 19106
(215) 925-2966
smyeh@pailp.org

DATE: April 12, 2022