**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THOMAS REMICK, et al., on behalf of themselves and all others similarly situated, | : : : | CIVIL ACTION |
| Plaintiffs-Petitioners, | : : | |
| v. | : : | |
| CITY OF PHILADELPHIA; and BLANCHE CARNEY, in her official capacity as Commissioner of Prisons, | : : : | |
| Defendants-Respondents. | : : : | No. 20-1959 |

**ORDER**

**AND NOW**, this **25ᵗʰ** day of **May, 2022**, upon consideration of the recommendation of the parties to appoint a Monitor and after a review of the proposed Monitoring Agreement and Protocol, it is **HEREBY ORDERED**:

1.  Cathleen Beltz is hereby appointed as the Independent Monitor pursuant to the terms of the Settlement Agreement which has been given preliminary approval by this Court.

2.  The Court approves and adopts the attached Monitoring Agreement and Protocol.

BY THE COURT:

_____
                                                    J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

THOMAS REMICK, et al., on behalf of     :
themselves and all others similarly situated,     :     **CIVIL ACTION**
    :
          **Plaintiffs-Petitioners,**     :
    :
    :
   **v.**     :
    :
**CITY OF PHILADELPHIA; and BLANCHE**     :
**CARNEY, in her official capacity as**     :
**Commissioner of Prisons,**     :
    :     **No. 20-1959**
         **Defendants-Respondents.**     :

**MONITORING AGREEMENT AND PROTOCOL**

1.     Plaintiffs and Defendants stipulate to the appointment of Cathleen Beltz as an Independent Monitor (the "Monitor") pursuant to the terms of the Settlement Agreement for an initial period of two years, subject to the provisions for earlier termination based on full compliance or extension of the monitoring period in the event of substantial non-compliance. *See* Settlement Agreement, paras. 19 and 24.

2.     The Monitor shall serve under the direction of the Court. As such, the Monitor shall perform any and all activities, tasks, and/or services not specifically provided by this Agreement as requested or directed by the Court, provided such activities, tasks, and/or services are consistent with the Settlement Agreement and the Prison Litigation Reform Act. Except where specifically provided by this Agreement, the Plaintiffs, Defendants, their counsel, and employees or officials of the Philadelphia Department of Prisons ("PDP") shall not have any authority over the Monitor's activities, reports, findings, or recommendations. The Monitor may be replaced in the event of death, unforeseen permanent unavailability, or for good cause upon motion of a party, with the approval of the Court. If the Monitor is unable to serve for the monitoring period, a person who is mutually agreeable to Plaintiffs and Defendants will be selected to serve as replacement Monitor with the approval of the Court. If Plaintiffs and Defendants cannot agree on a replacement Monitor, each party will present to the Court the name of one (1) individual to serve as the

replacement Monitor and the Court shall select the replacement Monitor from the two (2) names submitted by the parties.

3.      The Monitor shall have the authority to retain the services of consultants ("Consultants") to assist in the evaluation of compliance with the Agreement by assent of the parties, or by the direction of the Court, and the parties shall not unreasonably withhold consent to obtain these services.  The Consultants shall report directly to the Monitor. Defendants shall pay the fees and costs of the Monitor and Consultants pursuant to an agreed-upon payment schedule.

4.      The Monitor and Consultants shall not accept any other employment or consulting services that could create or present a potential conflict of interest with the Monitor's and Consultants' responsibilities under this Agreement.  Before agreeing to accept such employment or consulting services, the Monitor and Consultants shall provide notice to the parties to permit them to determine if a conflict of interest would be created by the provision of such services.

5.      The Monitor and Consultants shall:

(a)  Have access to all facilities, incarcerated persons, staff/personnel and their records, medical records, documents, electronic files, videos, and any other materials, including pending investigations, needed to perform their duties. PDP shall direct all employees to cooperate fully with the Monitor, including the timely furnishing of documents and access to the facilities. PDP representatives and staff shall not retaliate against any employee or incarcerated person because that person has provided information or assistance to the Monitor or to the parties relating to the Agreement.

Access to the facilities by the Monitor and Consultants shall be provided by PDP upon prior notice by the Monitor.  Access shall not unreasonably be denied by PDP, and only for significant security concerns, including, riot, lockdown, or other unforeseen events requiring enhanced security measures. If access is denied for any of these reasons, PDP shall restore access as promptly as possible.

(b) The Monitor shall provide to the parties those documents and reports that are secured by her office which, in her judgment, should be shared to effectuate the terms and conditions of the Settlement Agreement.

(c) Conduct site inspections of the facilities at least once every three months.

(d)  Conduct confidential interviews with facility staff and incarcerated persons as needed to measure and implement compliance with the Settlement Agreement.

(e)  Have the right to engage in *ex parte* communications with PDP staff and supervisors, counsel for the parties, and the Court.

(f)  Refrain from making public statements (i.e., at a press conference or otherwise) about the inspections or litigation without written approval of counsel for the parties, or as directed by the Court.

g)  Have access to the medical, mental health, classification records, and other PDP records of any class member, subject to the terms of an agreed-upon Confidentiality Order.

(h)  Use unique identifiers to protect the identity of incarcerated people or staff who are identified in a report or any document that is publicly released or disclosed.  The Monitor shall provide counsel for the parties and the Court with a confidential record disclosing the identities of the persons involved.

(i) Establish means of communication to enable class members, their families, and advocates to provide information related to implementation of and compliance with the Agreement.

6.    On issues in the Settlement Agreement that may require revised or new policies, and specifically with reference to paras. 9, 10, 11, 13 and 18, the Monitor shall seek input from the parties and submit draft policies for their review and comment.  Where there is agreement between the parties, the Monitor shall approve the proposed policy and it shall be implemented by PDP. If agreement is not reached, the Monitor shall make a recommendation to the Court.

Upon request by the PDP, the Monitor may provide technical assistance on matters related to the Settlement Agreement.

7.    The Monitor shall submit reports regarding compliance every four months, with interim reports where appropriate.  The reports shall:

(a)  Assess the current state of compliance with respect to each substantive provision of the Settlement Agreement and report upon each facility inspection.

(b)  Identify the steps taken by Defendants to implement the provisions of the Settlement Agreement since the prior report.

(c)  Describe Defendants' progress in implementing each provision of the Settlement Agreement, by assessing sustained substantial compliance, non-compliance, or partial compliance.

(d)  Provide proposals for improving future compliance.

(e) "Substantial Compliance" shall mean that Defendants have and are reasonably expected to continue to substantially satisfy the relevant Settlement Agreement provision.  The Monitor shall have discretion to measure Substantial Compliance by weighing the relevant factors.

(f) "Non-Compliance" shall mean that Defendants have not substantially satisfied the relevant Settlement Agreement provision.  A finding of Non-Compliance shall not be based on isolated or minor instances of failure to substantially comply, nor shall a finding of Non-Compliance be based on omissions of a technical or trivial nature.

8.    Prior to Plaintiffs' seeking sanctions or other judicial enforcement of the Settlement Agreement, the parties and the Monitor shall confer on the disputed issues.  If negotiations to resolve the disputed issues are unsuccessful, Plaintiffs may initiate enforcement proceedings.  In the event of an emergency threatening to cause immediate or irreparable harm to a member of the class, counsel for Plaintiffs may seek immediate judicial relief.

9.    In the event of exigent circumstances that require Defendants to take any action that violates the Settlement Agreement, Defendants shall, as soon as practicable, notify the Monitor, the Court, and counsel for Plaintiffs of the exigent circumstances, the corresponding action taken, the expected duration of such circumstances, and the steps taken to limit the duration and impact of such action.

10.   Reports by the Monitor shall be filed on the docket after the Monitor redacts confidential information.  If a party objects to a proposed redaction, and the parties cannot resolve the issue, the Monitor shall decide the issue, subject to a review and final decision by the Court.

11.   If a party or the Monitor or a Consultant receives a subpoena or other discovery request for production of the Monitor's reports, or for any information or documents reviewed by the Monitor or Consultants, the entity or person receiving the subpoena or request shall immediately notify counsel and/or the Monitor.  The Monitor and Consultants shall not voluntarily testify in any other litigation or proceeding with respect to any act or omission of Defendants, or their agents, representatives, or employees related to the Settlement Agreement, or the conditions at the jail facilities.