IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS REMICK, et al. : | |
|       Plaintiffs, : | |
| : | Civil Action |
| v. : | No. 20-1959 |
| : | |
| CITY OF PHILADELPHIA, et al., : | |
|       Defendants. : | |

MONITORING PRODUCTION CONFIDENTIALITY ORDER

      The Parties having previously submitted, and the Court having entered, a Discovery Confidentiality Order (ECF No. 42); the Parties having negotiated and the Court having, upon notice and opportunity to be heard by class members, approved a Class Action Settlement Agreement (ECF Nos. 165, 166, 175, and 176); the Court having appointed Cathleen Beltz as the Independent Monitor of the Settlement Agreement terms (ECF No. 169); the Monitoring Protocol determining that the Monitor be responsible for identifying what reviewed materials be produced (ECF No. 169); and it appearing that the materials identified for production by the Monitor in the above-captioned action are likely to involve the disclosure of confidential information, it is ORDERED as follows:

      1.      The confidentiality designations detailed in the July 23, 2020 Discovery Confidentiality Order are hereby adopted in their entirety to apply to the materials produced pursuant to the direction of the Monitor and/or the Court.

      2.      The protocols for challenging any such confidentiality designation, also detailed in the July 23, 2020 Discovery Confidentiality Order are hereby adopted in their entirety to apply to the materials produced pursuant to the direction of the Monitor and/or the Court.

      3.      No materials shared pursuant to the direction of the Monitor shall be disseminated without prior authorization of the Defendants, and, in the event of disagreement about dissemination, without permission having been granted by the Monitor or, if needed, the Court.

      4.      The provisions of this Order do not supersede the Discovery Confidentiality Order, but instead supplement its application to materials produced not in discovery but pursuant to the ongoing work of the Monitor.

      5.      This Monitoring Production Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

   6. Upon final conclusion of this litigation, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to either return to the originating source all originals and unmarked copies of documents and things containing Confidential material or to destroy such materials, should such source so request, all copies of Confidential material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Monitoring Production Confidentiality Order. To the extent a party requests the return of Confidential material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.  The parties shall certify that the produced materials have been destroyed.

   IT IS SO ORDERED.

Dated: January 17, 2023

                   Berle M. Schiller, U.S.D.J.