IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS REMICK, et al., on behalf of themselves and all others similarly situated, *Plaintiffs-Petitioners*, | CIVIL ACTION No. 20-1959 |
| v. | |
| CITY OF PHILADELPHIA; and BLANCHE CARNEY, in her official capacity as Commissioner of Prisons, *Defendants-Respondents*. | |

## ORDER

**AND NOW**, this **5th** day of **September 2023**, upon consideration of Class Member Ralph W. McClain's pro se Motion to Intervene, for Contempt and for Extraordinary Class Member Supplementation (ECF 189), it is **ORDERED** that the motion is **DENIED**.[1]

---

[1] On March 11, 2022, the Court certified a Rule 23(b)(2) class of "[a]ll persons who are currently or will be in the future confined in the Philadelphia Department of Prisons, and are or will be subjected to illegal or unconstitutional conditions of confinement as a result of policies and restrictions implemented in response to the COVID-19 pandemic, and the PDP's staffing shortage." *Remick v. City of Phila.*, No. 20-1959, 2022 WL 742707, at *5 (E.D. Pa. Mar. 11, 2022), appeal dismissed, No. 22-8013, 2022 WL 4365713 (3d Cir. July 21, 2022). On July 12, 2022, the Court granted final approval of a class action Settlement Agreement which required the City to:

> (1) implement measures to enhance the hiring and retention of correctional officers, including by issuing signing and retention bonuses; (2) provide incarcerated persons with greater amounts of out-of-cell time on a schedule with graduated increases; (3) increase capacity for in-person visits and develop a plan for return to pre-pandemic programming; (4) continue to ensure adequate and timely medical and mental health treatment, including by expanding mental health programming and reducing backlogs for medical appointments; (5) ensure compliance with individuals' due process rights during disciplinary proceedings; (6) expand phone and tablet access; (7) continue the implementation of a lock replacement program and implement refresher training on the emergency call button system; (8) continue to follow COVID-19-related protocols to ensure incarcerated persons are available for court and meetings with attorneys, including by testing incarcerated persons before court appearances; and (9) provide refresher training on the PDP's use of force policy.

*Remick v. City of Phila.*, No. 20-1959, 2022 WL 2703601, at *2 (E.D. Pa. July 12, 2022). The Court also appointed a monitor to assist with implementation of the Settlement Agreement for a period of two years. *Id.*

It is **FURTHER ORDERED** that McClain's Motion for Copies of Monitor Reports, Recommendations and Filings (ECF 188) is **DENIED**.[2]

BY THE COURT:

_____
Berle M. Schiller, J.

---

[2] On August 28, 2023, Ralph W. McClain, who identifies himself as a member of the Settlement Class, filed a motion seeking intervention and an order of contempt similar to prior motions filed by other Plaintiff-Class Members. (*See, e.g.* ECF 167, 168, 178, and 179.) He asks to intervene to enforce the Settlement Agreement and seeks a temporary restraining order "requiring the defendants to arrange for [his] continuity of psychiatric treatment with prescription Latuda and Doxepin, . . . weekly psychotherapy," examination "by a qualified urology specialist," "daily law library access," reactivation of his inmate phone account, permission to make daily phone calls, and "for [his] incoming mail to be delivered to [him] and [his] outgoing mail to be turned over to the U.S. Postal Service." (ECF 189 at ECF p. 15.) McClain contends he "also has a right to seek damages . . . for any injuries and losses he has suffered by the consent decree violations." (*Id.* at ECF p. 21.)

The Court acknowledges McClain's concerns about implementation of the Settlement Agreement, but his intervention is not warranted. The named Plaintiffs—with substantially similar circumstances and interests—are adequate representatives of the Rule 23(b)(2) class and implementation of the Settlement Agreement is ongoing. The Monitor filed her first report evaluating Defendants' compliance with each substantive provision of the Settlement Agreement on November 4, 2022 (ECF 181), her second report on March 3, 2023 (ECF 185), and continues to assess their compliance. Subsequent reports are anticipated on September 15, 2023, and March 29, 2024. (ECF 185 at ECF p. 1.) Moreover, a Rule 23(b)(2) class (*i.e.*, a class certified for the purpose of granting "final injunctive relief or corresponding declaratory relief") is not an appropriate vehicle for the pursuit of compensatory damages. Fed. R. Civ. P. 23(b)(2); *see also Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360-63 (2011) (holding a class certified under Rule 23(b)(2) must not primarily seek individualized awards of money damages).

To the extent that McClain seeks relief for particularized individual grievances that are not covered by the terms of the Settlement Agreement, he is already aware of what he may and can do to seek appropriate relief. He has previously filed several other federal civil rights lawsuits pursing claims on his own behalf in this District and elsewhere. (*See* ECF 189 at ECF p. 6.) *See, e.g. McClain v. Hilty*, Civ. A. No. 22-1728 (E.D. Pa.); *McClain v. Shaylor*, Civ. A. No. 19-5148 (E.D. Pa.).

[2] Because the Court denies McClain's request to intervene, Plaintiffs' counsel represents his interests in this litigation and the Court denies McClain's motion to receive copies of documents. The monitor provides regular reports to counsel and the Court which are "filed of record, subject to possible redactions for confidential information." (ECF 165-2 at 5, ¶ 19.) The Settlement Agreement also permits Plaintiffs' counsel to "have access to all documents and records underlying such regular reports." (ECF 165-2 at 5, ¶ 19.) If Plaintiffs' counsel believes it is appropriate to provide any non-confidential information relevant to implementation of the Settlement to McClain, they may do so.