**In the Matter of Arbitration Between:**

| | |
|---|---|
| **AFSCME DISTRICT COUNCIL 33,** | |
| **LOCAL 159 AND LOCAL 1637** | Act 195 Interest Arbitration |
| | Supplemental Award |
| and | |
| **CITY OF PHILADELPHIA** | *Decision Date:* 6/12/24 |

### FOREWARD

The undersigned arbitrators were duly appointed as the Arbitration Panel pursuant to the provisions of Section 806(2) of the Public Employees Relations Act of July 23, 1970, P.L. 563, No. 195, as amended, 43 P.S. §§1101.101 et seq. (Act 195). On August 12, 2022, the Panel issued a three-year interest arbitration award ("Award") governing the employment terms and conditions of the AFSCME Local 159B and 1637 bargaining unit. The Panel was granted the right to retain jurisdiction in all respects of the Award.

Thereafter, several Supplemental Awards were ordered by the Panel. On December 8, 2022, the Panel eliminated the residency requirement for all bargaining unit members who have five (5) or more years of service within the bargaining unit. On January 20, 2023, the Panel extended the 12-Hour Shift Initiative, ordered a membership survey on 12-hour and 8-hour shift schedules, and implemented a new attendance bonus. On January 27, 2023, the Panel ordered the implementation of a new pay scale for employees assigned to the 12-Hour Shift schedule, clarified overtime eligibility for employees working the 12-Hour Shift schedule, and implemented a new quarterly attendance bonus for any bargaining unit employee assigned to the 12-Hour Shift schedule. Finally, on March 31, 2023, the Panel ordered the

implementation of a Hybrid 12-Hour/8-Hour Shift at all PDP facilities/units with staggered effective dates. As with the initial Award, the Panel was granted the right to retain jurisdiction in all respects of the Supplemental Awards.

The Panel convened in executive session to review the status of the Hybrid 12-Hour/8-Hour Shift, now fully implemented throughout all PDP facilities/units, and related issues in the time since the Panel issued its original Award and subsequent Supplemental Awards.

Based on the above, the Panel orders the following:

**Interim Award**

1. <u>Term</u>. All terms and conditions of the current collective bargaining agreements will continue for an additional one year, covering the period from July 1, 2024 through June 30, 2025. Any provisions that were for the term of the Award are extended through June 30, 2025.

2. <u>Wages</u>.

    a. Effective with the first full pay period beginning on or after July 1, 2024, the wages of bargaining unit employees will be increased by 4.5%.

    b. Increase to Pay Range 0049B. Effective with the first full pay period beginning on or after July 1, 2024, there shall be a $1,000 increase to each step in pay range 0049B.

3. <u>Bonuses</u>.

    a. <u>Retention Bonus</u>. A retention bonus of $1,600 will be paid to all covered members who were employed as of May 1, 2024, and remain employed as of the date the bonus is paid. The bonus will be paid within sixty (60) days' issuance of the interest arbitration award.

    b. <u>Revised Hiring Bonus for Correctional Officer Trainees</u>. The following language replaces paragraph 3(b)(i) of the August 12, 2022 Interest Arbitration Award: "Correctional Officer Trainees shall receive a bonus of 20% of base salary at the time of hire, 10% to be paid upon graduation from the training academy, and the remaining 10% to be paid after one year as a Correctional Officer (one year from

graduation from the training academy).  If the employee leaves their position as a Correctional Officer Trainee and/or Correctional Officer for any reason within twelve (12) complete calendar months of the start of their employment as a Correctional Officer Trainee, the employee will be required to repay the gross amount of any bonus paid under this paragraph.  The gross amount of any bonus paid under this paragraph will be deducted from any funds owed to the employee at the end of their employment, including, but not limited to, any terminal leave pay, the employee's final pay check, and any pension contributions returned to the employee.  All new hires from a Correctional Officer Trainee eligibility list active as of the date of this Award are eligible to receive this bonus, even if hired before the date of this Award."

All other sections of paragraph 3 of the 8/12/2022 Award remain in effect.

c.   <u>Extension of Attendance Bonus</u>. Until June 30, 2025, any bargaining unit employee who works all their regularly scheduled shifts in a calendar quarter will receive an incentive bonus of $500, which will be paid within sixty (60) days following the end of the quarter.  Paid time off that is requested and approved in advance shall not disqualify employees from receiving the attendance bonus.

d.   <u>Extension of 12-Hour Shift – Attendance Incentive</u>. Until June 30, 2025, in addition to the quarterly attendance bonus, any bargaining unit employee at the Philadelphia Department of Prisons assigned to the 12-Hour Shift schedule who reports to work on time for all of their regularly-scheduled shifts in a Monday-Sunday payroll week will receive premium pay in the amount of four (4) hours of straight time for that week. Any approved pre-scheduled paid time off, including vacation, will not disqualify an employee from receiving this premium pay. Employees who report to work late on any day or take any unscheduled time off, whether paid or unpaid, will not receive premium pay for that week.

e.   <u>8-Hour Shift—Attendance Incentive</u>.  Until June 30, 2025, in addition to the quarterly attendance bonus, any bargaining unit employee at the Philadelphia Department of Prisons assigned to the 8-Hour Shift schedule who reports to work on time for all of their regularly-scheduled shifts in a Monday-Sunday payroll week will receive premium pay in the amount of two (2) hours of straight time for that week. Any approved pre-scheduled paid time off, including vacation, will not disqualify an employee from receiving this premium pay. Employees who report to work late on any day or take any unscheduled time off, whether paid or unpaid, will not receive premium pay for that week.

      f.      All bonuses in this section are to be paid consistent with City standard rules for payment of bonuses.

4.    <u>Extension of 12-Hour Shift Schedule</u>.

      a.    <u>Implementation of Hybrid Schedule</u>.  Effective no earlier than June 1, 2024, the following units shall implement a hybrid 12-Hour/8-Hour Shift Schedule: CMR, EMU, MIS, OPC, and Training.

      b.    <u>Option of Moving from an 8-Hour Shift to 12-Hour Shift</u>.  All bargaining unit employees in correctional classes shall be permitted to switch from an 8-hour to 12-hour shift.  Any such request shall be made consistent with established PDP practices and procedures, and bargaining unit employees shall be scheduled for 12-hour shifts in the first administratively feasible pay period after they make the request.

5.    <u>Residency Requirement</u>.  The following language supplements paragraph 1 of the December 8, 2022 Interest Arbitration Award:  "Until the Philadelphia Department of Prisons ("PDP") reaches 80% of its staffing complement (as determined by the total number of budgeted positions in the Correctional Officer, Correctional Sergeant, Correctional Lieutenant, and Correctional Captain ranks), the City residency requirement shall be eliminated for all bargaining unit members employed by PDP.  Once PDP has reached 80% of its staffing complement the terms of this paragraph shall expire and the residency requirement shall be governed by paragraph 1 of the December 8, 2022 Interest Arbitration Award without modification, except that those members hired while the residency requirement is waived, but who have not yet reached five years of service in the bargaining unit, shall not be required to establish residency in the City."

      a.    The following language supplements paragraph 1(b) of the December 8, 2022 Interest Arbitration Award:  "If there is a delay in temporarily eliminating the residency requirement as specified in this Award, the Panel directs that, effective July 1, 2024, the City shall not have just cause to discipline bargaining unit members who are current employees—or who are hired before the PDP has reached 80% of its staffing complement (as defined above)—for failure to reside in the City."

      b.    The following language supplements paragraph 1(c) of the December 8, 2022 Interest Arbitration Award:  "If the temporary change to the residency requirement specified in this Award is not implemented by the City by September 13, 2024, the Panel will retain jurisdiction to determine if additional actions are necessary to carry out its intent."

4

6. <u>Uniform Allowance for PJJSC Security and Facility Guards</u>.  Effective July 1, 2024, members in the Juvenile Detention Security Guard (6D04), Juvenile Detention Facility Guard (6D07), Juvenile Detention Facility Guard Supervisor (6D05), and Juvenile Detention Facility Guard Manager (6D06) titles will receive an annual clothing allowance of $500.00.  This allowance will be paid out consistent with City standard rules for payment of uniform allowances for DC 33-represented employees.

7. <u>Shift Exchange Committee</u>.  During the term of the Award, the parties will create a joint labor management committee for the purpose of exploring potential mechanisms to provide corrections officers with additional opportunities to voluntarily exchange shifts.  The composition of the committee and the schedule of meetings will be determined by agreement of the parties.

8. <u>Additional Benefits.</u>  If the City agrees to provide AFSCME DC 33 members with the additional benefits announced by the Mayor on May 20, 2024 (*i.e.,* just-in-time care, making the Friday after Thanksgiving a holiday, expanding paid parental leave from 6 to 8 weeks, and removing the restriction on sick leave use for family members), during the term of this Award, Local 159 and 1637 members covered by this Award shall receive the same benefits on the same terms as they are provided to DC 33.

.

It is understood that the signature of the Arbitrators attest to the fact that the contractual provisions awarded represent the majority opinion on each issue by the members of the Arbitration Panel. The Panel shall retain jurisdiction of this case for the purposes stated in the Award and for the purpose of resolving any disputes regarding the implementation of the Award.

*Walt De Treux*
_____
WALT De TREUX
Neutral Arbitrator and Panel Chair
Dated: 6/12/24

_____
RICHARD G. POULSON, ESQ.
Union-appointed Arbitrator

_____
SHANNON D. FARMER, ESQ.
City-Appointed Arbitrator