IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS REMICK, ET AL.,** | : | |
| | : | **CIVIL ACTION NO. 20-1959** |
| v. | : | |
| | : | |
| **CITY OF PHILADELPHIA, ET AL.** | : | |

**ORDER**

This 12th day of July, 2024, for the reasons that follow, it is hereby **ORDERED** that Plaintiffs' Motion for Contempt (ECF 205) is **GRANTED**.

The Court finds Defendants in **CONTEMPT** of its Order of July 12, 2022 (ECF 176), approving the parties' joint Settlement Agreement (ECF 173). Following two formal hearings, as set forth on the record in open court, there is clear and convincing evidence that Defendants City of Philadelphia and Commissioner of Prisons[1] are not in compliance with respect to at least two core issues addressed by the Settlement Agreement – staffing levels and out-of-cell time. Although the Court does not consider the Defendants' non-compliance willful, or deem them to be acting in bad faith, neither are required for a finding of civil contempt. *F.T.C. v. Lane Labs-USA, Inc.*, 624 F.3d 575, 582 (3d Cir. 2010) ("Although courts should hesitate to adjudge a defendant in contempt when there is ground to doubt the wrongfulness of the conduct, an alleged contemnor's behavior need not be willful in order to contravene the applicable decree.")

As to the defense of substantial compliance, Defendants have taken partial steps to ameliorate the crisis in the Philadelphia Department of Prisons, but they have not taken "all reasonable steps" as required to prevail on that defense. *Lane Labs*, 624 F.3d at 591.

The Court is holding the issue of appropriate sanctions under advisement.

    /s/ Gerald Austin McHugh
United States District Judge

---

[1] Current Commissioner Michael Resnick, Esquire did not assume his position until April 22, 2024.