## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THOMAS REMICK, et al., on behalf of      :
themselves and all others similarly situated,      :      No. 2:20-cv-01959
                                          :
    Plaintiffs-Petitioners,           :
                                          :
    v.                                :
CITY OF PHILADELPHIA; and BLANCHE      :
CARNEY, in her official capacity as      :
Commissioner of Prisons,                  :
                                          :
    Defendants-Respondents.           :

### STIPULATED ORDER

This 30th day of April, 2026, upon the agreement of the parties that (1) the terms of the Settlement Agreement, as extended by mutual agreement in December 2023, expire on or around April 30, 2026 (ECF Nos. 165-2, 197); (2) extension of any terms would require that Plaintiffs move and establish that the Defendants are in substantial non-compliance with a provision in the Settlement Agreement, (3) the Settlement Agreement provides that the Defendants may, for good cause, move to modify specific terms within the Settlement Agreement; (4) the Monitor has sub-divided most of the provisions for purposes of monitoring compliance with the Settlement Agreement; (5) the parties have engaged in arms-length negotiations about the terms of the Settlement Agreement and monitoring period; and (6) after a conference with counsel,

The Court hereby orders as follows:

The following provisions are terminated: 1.1, 1.2, 1.4, 2.1, 3.2, 5, 7, 8.2, 8.3, 8.4, 9, 10, 11, 12, 13, 14, 15, and 16. All monitoring of these provisions will cease.

The terms and conditions of the following provisions of the Agreement (as interpreted by the Monitor in the reports filed to date) are extended to April 30, 2027: 1.3, 2.2, 3.1, 4, 6, 8.1, 17 and 18.[1]

It is understood by the parties that the "return to normal operations" plan of the PDP, under provision 4, will describe the current and ongoing work by the PDP to establish treatment units that are intended to divert incarcerated persons from the disciplinary and segregation system where appropriate. The plan will also provide an overview of the operation of the Restorative and Transitional Services team, informed by the objective evaluation undertaken pursuant to Sanctions Order provision 3(a).

It is further Ordered that, for the duration of this Monitoring Order, Defendants will provide Plaintiffs' counsel with monthly reports on hiring and retention, attorney visiting, medical appointment backlogs for the duration, and housing unit level staffing. Plaintiffs' counsel may direct questions about the medical backlogs to the subject matter expert who supports the Monitor on these matters.

It is further Ordered that for all provisions that have been agreed upon for extension, the parties will have a substantive discussion six months into the remaining Agreement term to assess whether monitoring is required for the full year term, and the parties may jointly present the Court with a proposed modified extension Order. Defendants may, for good cause shown, move for the amendment or modification of provisions that are subject to monitoring. Plaintiffs

---

[1] Consistent with the parties' negotiations, and without Defendants conceding it is appropriately within the scope of the plain language of the Settlement Agreement (ECF No. 165-2), the monitoring of the Defendants' work on its segregation and treatment practices that was being reported under Provision 3.2 will instead be reported on under Provision 6, "Behavioral Health in Segregation."

may, for good cause shown, move to re-engage monitoring if the medical and mental health

appointments backlog for all facilities including all appointment types rises above 15% of 1,587.

**Stipulated by the parties:**

For the Plaintiffs:                    For the Defendants:

s/ *David Rudovsky*                    /s/ *Anne B. Taylor*

                                       **By the Court:**


                                        /s/ Gerald Austin McHugh
                                       Gerald A. McHugh, U.S.D.J.